UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ALI AL MAQABLH                                                    PLAINTIFF

v.                                              CIVIL ACTION NO. 3:16-CV-289-JHM

CRYSTAL L. HEINZ et al.                                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Ali Al Maqablh brings this action *in forma pauperis.*  Because Plaintiff is

proceeding *in forma pauperis* under 28 U.S.C. § 1915, the Court must undertake a preliminary

review of the complaint.  *See* 28 U.S.C. § 1915(e); *McGore v. Wrigglesworth*, 114 F.3d 601 (6th

Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  For the following

reasons, the action will be dismissed in part and allowed to proceed in part.

## I. SUMMARY OF CLAIMS

Plaintiff brings this action against several governmental entities (Trimble County,

Kentucky; Jefferson County Sheriff's Department; Trimble County Sheriff's Department;

Louisville Metro Corrections; the Commonwealth of Kentucky; and the Kentucky State Police);

several governmental employees (Crystal L. Heinz, Trimble County Attorney; Kim Vittitow,

Trimble County Attorney staff; Perry Arnold, former Trimble County Attorney;[1] Kentucky State

Police employees David Trimble, Matt Whalen, James Phelps, and Charles Ferris; and two

unknown Jefferson County Sheriff deputies); and a private citizen, Lindsey Alley, the mother of

Plaintiff's minor child.  The complaint cites to 18 U.S.C. §§ 1341, 1342, and 1349, as well as to

42 U.S.C. §§ 1983 and 1985.  It also raises various state-law claims.

---

[1] According to the complaint, Defendant Arnold lost the Trimble County Attorney election to Defendant Heinz in
November 2014.

Plaintiff states that in April 2014 he "began interacting with" Trimble County "to inquire on ways to reach out to his estranged and then pregnant wife" Defendant Lindsey Alley.  He states that he was instructed by the Trimble County Attorney's Office to call the Kentucky State Police and request a "'welfare check'" on Defendant Alley.  He states that on April 28, 2014, he spoke with Defendant David Trimble about the welfare check.  Defendant Trimble indicated that Defendant Alley was still pregnant but was irritated by the welfare check and would be filing retaliatory charges.  Plaintiff states that on April 30, 2014, under the guidance of Defendants Trimble and Matt Whalen, Defendant Alley "filed a perjured complaint alleging that Plaintiff was her former boyfriend who is now harassing her with threatening and alarming emails with no legitimate purpose."  He alleges that Defendant Perry Arnold on behalf of Defendant Alley sought an arrest warrant under Ky. Rev. Stat. § 525.080 (harassing communications).  Plaintiff alleges that this statute is vague and unlawful.

Plaintiff states that on May 20, 2014, he filed a petition in the Trimble Family Court to allow him to preserve his as-yet unborn child's umbilical cord for medical use.  According to the complaint, the next day he was "falsely arrested" by two Jefferson County Sheriff deputies.  He states that he was released on $250 bail early the next day on condition of "no contact" with Defendant Alley.  He states that on June 10, 2014, he "appeared on arraignment in Trimble County District Court and motioned the court to remove the 'no contact' order from the bail conditions to allow him from seeing his child."  Apparently, the result of that hearing was that the judge ordered that Plaintiff should have no contact with the child or mother.  He states that he was unable to see his child for five months.

Plaintiff alleges that on July 21, 2014, Defendant Arnold wrote Plaintiff that, if Plaintiff wanted the misdemeanor case against him dismissed, he was required to accept a diversion

agreement that included no contact with Defendant Alley or "face a trial with a potentially xenophobic jury from rural Kentucky."

Plaintiff states that in April 2015 he requested another welfare check because he believed that the child had been left alone with a family member of Defendant Alley who was prohibited from being with the child.  It appears that a few days later Defendant Alley pressed what Plaintiff calls "malicious charges" with help from Defendant James Phelps with the Kentucky State Police who, according to Plaintiff, swore falsely that Plaintiff had "'falsely reported an incident.'"  Plaintiff further alleges that on April 7, 2015, Defendants Crystal Heinz, Alley, and Phelps reached an agreement, and a harassing-communications charge was filed against Plaintiff. He states that on April 18, 2015, the Trimble District Court informed him that the County Attorney opposed expungement of the harassing-communications charge and ordered Plaintiff to appear before the Court on April 28, 2015.  Plaintiff states that on April 30, 2015, he filed an administrative complaint against Defendant Phelps, but the Kentucky State Police declined to investigate.

Plaintiff alleges that on September 24, 2015, he informed Defendant Alley that he would be filing for expanded visitation, to which Defendant Alley "threatened and blackmailed Plaintiff with more malicious charges."  He alleges that Defendant Alley unlawfully withheld Plaintiff's minor child from his scheduled visitation on March 27, 2016.  Plaintiff therefore requested a March 27, 2016, welfare check, and was told the child was fine.  The next day, Plaintiff filed a motion of civil contempt in Trimble Family Court.

Plaintiff states that he saw the child on March 31, 2016, at which time the child appeared to have suffered injuries to his face, eye, and thigh.  He reported this to Child Protective Services, and while they were investigating, Defendant Charles Ferris of the Kentucky State

3

Police appeared and "seemed to have knowledge of the injuries and immediately proceeded to threatening and intimidating Plaintiff . . . reminiscent of R-rated mafia movies." He alleges that Defendant Ferris "counseled, aided, and abetted" Defendant Alley on how to file "malicious and retaliatory charges." On May 9, 2016, Plaintiff was served with a new complaint including charges of falsely reporting an incident and harassment.

The complaint alleges that between February 3, 2015, and June 12, 2015, Defendants Trimble County Attorney Heinz and Vittitow committed racial and ethnic profiling. Plaintiff alleges that evidence released in Trimble Family Court to his attorney on May 9, 2016, "suggests" that Defendants Heinz and Vittitow committed fraud by intercepting communication when Defendant Vittitow fraudulently listed her business address and phone number as Plaintiff's physical address and telephone number. The complaint also alleges that in June 2015 Defendants engaged in unlawful use of a federal administrative subpoena harassing his alma matter.

Plaintiff asks for various relief including having the Kentucky Bar Association investigate and suspend Heinz's law license; having the FBI, the Kentucky Attorney General, and the Postal Inspector investigate and prosecute Defendants; issuing a declaratory judgment that Defendants Trimble County, Arnold, Heinz, Phelps, Trimble, Whalen, and Ferris have unlawfully deprived Plaintiff of his First Amendment right to free speech; and issuing a declaratory judgment that Ky. Rev. Stat. § 525.080 and § 519.040 are void for vagueness.

## II. <u>ANALYSIS</u>

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is

4

"frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### Tortious interference with business 18 U.S.C. §§ 1341, 1342, 1349

With regard to these statutes, Plaintiff alleges that Defendants Heinz and Vittitow "conspired to impersonate" him and "intercepted correspondence directed to him via U.S. mail, misrepresented him and inserted false address."

Title 18 of the United States Code contains federal criminal statutes.  Plaintiff as a private citizen may not enforce the federal criminal code.  *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam); *Abner v. Gen. Motors*, 103 F. App'x 563, 566 (6th Cir. 2004).  "It is well settled that the question of whether and when prosecution is to be instituted is within the

5

discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). The Court does not have the power to direct that criminal charges be filed. *Peek v. Mitchell*, 419 F.2d 575, 577-78 (6th Cir. 1970); *Fleetwood v. Thompson*, 358 F. Supp. 310, 311 (N.D. Ill. 1972). Therefore, this claim will be dismissed.

### § 1985 claims

In a 42 U.S.C. § 1985 action, a court "must look to the most analogous statute of limitations of the state in which the cause of action arose." *Bedford v. Univ. of Louisville Sch. of Med.*, No. 88-6423, 1989 WL 123143, at *2 (6th Cir. Oct. 19, 1989) (citing *Mulligan v. Schlachter*, 389 F.2d 231 (6th Cir. 1968). "Kentucky's one-year statute of limitations for conspiracies, KRS 413.140(1)(c), applies to 42 U.S.C. § 1985 actions because it is most analogous to the § 1985 actions." *Eubank v. Collins*, No. CIV.A. 11-326-C, 2012 WL 245234, at *1 (W.D. Ky. Jan. 26, 2012).

"[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 183 (6th Cir. 1990). Though the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

The complaint was filed May 18, 2016. Thus, all of Plaintiff's claims relating to incidents predating May 18, 2015, are time-barred.

With regard to his non-time-barred claim, Plaintiff alleges that Defendants Heinz, Vittitow, Ferris, and Alley conspired to deter him from filing complaints with Kentucky

6

agencies, conspired to interfere with his correspondence with a government agency, and intimidated him and retaliated against him for attempting to be a witness in a criminal investigation under § 1985.  He appears to allege that the interference occurred "by intimidation and threats to continue to prosecute him and conspired to interfere with Plaintiff's correspondence with a government agency."  He does not in this section of the complaint allege that the interference was due to his race or nationality.  Elsewhere he states that he is a "lawfully admitted alien."  He does not state what his race or nationality is.

It appears that Plaintiff is invoking the second section of § 1985, titled "(2) Obstructing justice; intimidating party, witness, or juror."  That subsection provides:

> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws[.]

The first clause of § 1985(2), which prohibits conspiracies to influence parties, witnesses, or jurors in federal court proceedings, is not applicable to this case.  With regard to a claim under the second clause, Plaintiff's allegations are too conclusory to state a claim.

A plaintiff fails to state an adequate claim if his or her allegations are premised upon mere conclusions and opinions. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  Plaintiff must make sufficient factual allegations to link the alleged conspirators in the conspiracy and to establish the requisite "meeting of the minds" essential to the existence of the

7

conspiracy.  *Coker v. Summit Cty. Sheriff's Dep't*, 90 F. App'x 782, 789 (6th Cir. 2003).  Here, Plaintiff included "only conclusory allegations that the Defendants acted in concert and did not allege that an agreement between two or more persons existed to discriminate against [him] based on [his] membership in a constitutionally protected class," such as race.  *Schenker v. Cty. of Tuscarawas*, No. 5:12 CV 1020, 2012 WL 4061223, at *14 (N.D. Ohio Sept. 14, 2012). Therefore, Plaintiff has not stated a claim under § 1985.

### *§ 1983 claims*

In order to state a claim under § 1983, a plaintiff must allege both a violation of a right or rights secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42 (1988).  Specifically, Plaintiff refers to his First Amendment right to free speech and his rights under the Fourth and Fourteenth Amendments.

*Claims against Commonwealth's Attorneys*

Plaintiff's § 1983 claims against the prosecutorial defendants, *i.e.*, Defendants Arnold, Heinz, and Vittitow, relate to their conduct in their role as advocates.  To the extent the prosecutorial defendants were acting in their roles as advocates, *i.e.*, initiating and pursuing a criminal prosecution and presenting the Commonwealth of Kentucky's case, they enjoy absolute prosecutorial immunity.  *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2004); *see also Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that prosecutors were absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury).  Moreover, federal courts have no general power to compel action by state officers in the performance of their duties.  *Moye v. Clerk,*

*DeKalb Cty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973) (per curiam); *Haggard v.*

*Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970).  Therefore, Plaintiff's § 1983 claims against

Defendants Arnold, Heinz, and Vittitow will be dismissed for failure to state a claim.

*Claims against Defendant Alley*

Defendant Alley, the mother of Plaintiff's minor child, is a private citizen.  A private

citizen is not liable for an alleged constitutional violation unless:  (1) "the claimed constitutional

deprivation resulted from the exercise of a right or privilege having its source in state authority";

and (2) "the private party charged with the deprivation could be described in all fairness as a

state actor."  *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 620 (1991).

The only arguable state action undertaken by Defendant Alley was bringing charges

against Plaintiff.  However, "providing information to the police, responding to questions about a

crime, and offering witness testimony at a criminal trial does not expose a private individual to

liability for actions taken 'under color of law.'"  *Moldowan v. City of Warren*, 578 F.3d 351, 399

(6th Cir. 2009) (citing *Briscoe v. Lahue*, 460 U.S. 325, 329 (1983)).  Thus, Plaintiff's § 1983

claims against Defendant Alley will be dismissed for failure to state a claim.

*First Amendment claim*

Plaintiff alleges that Defendants retaliated against him for exercising his right to free

speech.  He further asserts that "[d]espite the lack of valid policy and facts to substantiate the

reasons for the prosecution [Defendants] upheld the decision made . . . to prosecute Plaintiff . . .

based on false evidence and perjured statement and using inapplicable and vague statute."

Although Plaintiff couches this claim in First Amendment terms, his essential allegation is that

Defendants maliciously prosecuted him.  *See Sundbye v. Ogunleye*, 3 F. Supp. 2d 254, 260

(E.D.N.Y. 1998) ("Plaintiff claims that, in retaliation for her complaining about Ogunleye's

conduct, defendants instituted 'unfounded' child abuse proceedings against her[;] [a]lthough couche[d] . . . in First Amendment terms, plaintiff's essential allegation is that defendants maliciously prosecuted her.").  The Sixth Circuit recognizes a claim of malicious prosecution under the Fourth Amendment which encompasses wrongful investigation, prosecution, conviction, and incarceration.  *Barnes v. Wright*, 449 F.3d 709, 715-16 (6th Cir. 2006). Therefore, these allegations will be considered below with the discussion of the Fourth Amendment.

*Fourth Amendment claims for malicious prosecution*

According to the complaint, charges have been filed against Plaintiff three separate times in Trimble County.  The first occurred on May 21, 2014, one day after Plaintiff filed a petition in the Trimble Family Court to allow him to preserve his as-yet unborn child's umbilical cord for medical use.

Because § 1983 does not provide a statute of limitation, federal courts borrow the forum state's statute of limitations for personal injury actions.  *Wilson v. Garcia*, 471 U.S. 261, 275-80 (1985).  Thus, in Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a).  *Collard v. Ky. Bd. of Nursing*, 896 F.2d at 182. Although the statute of limitations for § 1983 is borrowed from state law, a § 1983 action accrues and the statutory period begins to run according to federal law.  *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  The Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994), held that a claim of malicious prosecution does not accrue until the underlying conviction is invalidated, and this holding was reaffirmed in *Wallace*.  *See Fox v. DeSoto*, 489 F.3d 227, 235 (6th Cir. 2007).

According to the complaint, this first allegedly malicious prosecution was dismissed on February 2, 2015, more than one year before Plaintiff filed this suit on May 18, 2016.  Therefore, Plaintiff's claim related to that prosecution is time-barred.

Next, Plaintiff alleges that on April 7, 2015, Defendants Heinz, Alley, and Phelps reached an agreement and a harassing-communications charge was filed against Plaintiff.  This second prosecution was dismissed on September 19, 2015.  It is not time-barred.  However, as already discussed, Defendant Heinz is immune from a malicious-prosecution claim, and Defendant Alley is not a state actor for purposes of a § 1983 claim.  The Court will therefore allow this claim to proceed only with regard to Defendant Phelps in his individual capacity.[2]

Finally, Plaintiff alleges that when he saw his child on March 31, 2016, the child appeared to have suffered injuries, prompting Plaintiff to report these injuries to Child Protective Services.  Plaintiff alleges that Defendant Ferris "counseled, aided, and abetted" Defendant Alley on how to file "malicious and retaliatory charges."  Thereafter, on May 9, 2016, Plaintiff was served with a new complaint including charges of falsely reporting an incident and harassment.  Those charges (Case No. 16-M-00020) are still pending according to www.kycourts.net, making Plaintiff's claim related to those charges premature.  *See Rembert v. Fishburn*, No. 3:15-cv-0949, 2015 WL 5842149, at *2 (M.D. Tenn. Oct. 6, 2015) (dismissing malicious prosecution claim as premature because plaintiff did not allege "that underlying criminal prosecution against him has terminated at all, much less in his favor" and noting that Plaintiff could reassert such claims if he is eventually exonerated on the pending charges).  Because the only claims against Defendant

---

[2] A suit against Defendant Phelps in his official capacity is actually brought against his employer, the Kentucky State Police, and as such Plaintiff's claim for damages against a Kentucky State Police officer is barred by Eleventh Amendment immunity.  *See, e.g., Grider v. City of Russell Springs, Ky.*, No. 1:05CV137-M, 2006 WL 522213, at *1 (W.D. Ky. Mar. 1, 2006) (finding official-capacity claims for damages against Kentucky State Police trooper barred by Eleventh Amendment).

Ferris involve the charges against Plaintiff which are still pending, Defendant Ferris must be dismissed from this action.

*Claims of statutes being void for vagueness*

The Court will allow the § 1983 claims related to certain Kentucky statutes being void for vagueness to go forward against Defendant Heinz as the person in charge of enforcing those statutes.  However, due to prosecutorial immunity, these claims may only go forward against Defendant Heinz in her official capacity.  An official-capacity suit against a state official seeking prospective relief to end a continuing violation of federal law is allowed.  *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046-47 (6th Cir. 2015) ("[T]here is an exception to States' sovereign immunity under the doctrine announced in *Ex parte Young*, 209 U.S. 123 . . . (1908), whereby 'a suit challenging the constitutionality of a state official's action is not one against the State.'").

**Claim alleging unlawful use of a federal subpoena**

The complaint alleges that in June 2015 Defendants engaged in unlawful use of a federal administrative subpoena harassing his alma mater, the University of Louisville.  Plaintiff alleges that Defendants Heinz and Vittitow attempted "to obtain private and protected academic records, protected by Family Educational Rights and Privacy Act (FERPA), utilizing a federal administrative subpoena, thus abused the use of federal subpoena."  He alleges that the abuse of that subpoena caused the University of Louisville damages because the University hired outside counsel to represent them at a hearing in Trimble County to quash the subpoena "and engaged in expansive legal consultation to stay in compliance with the law while addressing Defendants['] requests and subpoena."  According to the complaint, the subpoena was quashed in Trimble Circuit Court as irrelevant to the child support case.

12

Plaintiff does not have standing to raise a claim for the University of Louisville.  Plaintiff may only assert those claims which are personal to him.  *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *see also Coal Operators & Assoc., Inc. v. Babbitt*, 291 F.3d 912, 915-16 (6th Cir. 2002). Therefore, this claim will be dismissed as frivolous for lack of subject-matter jurisdiction. *Babbitt*, 291 F.3d at 915 ("[S]tanding to sue . . . is a jurisdictional requirement.").

### State-law claims

*Claim related to Ky. Rev. Stat. § 600.020*

Plaintiff alleges that Defendants Heinz and Alley retaliated against him because they suspected that he had reported that the child suffered injuries, which Plaintiff was required or authorized to do by Kentucky statute.  However, the statute cited by Plaintiff, § 600.020 simply provides definitions of various terms found in the Unified Juvenile Code, and it does not provide a private cause of action.  Therefore, this claim will be dismissed.

*State-law malicious prosecution claim*

Plaintiff alleges that he was the victim of malicious prosecution on the three occasions when charges were brought against him as outlined above.  In Kentucky, there are six basic elements necessary to the maintenance of a claim for the state-law tort of malicious prosecution.

> [T]o establish the tort claim of malicious prosecution under Kentucky law, a plaintiff must demonstrate (1) the institution or continuation of judicial proceedings, (2) by or at the instance of the defendant, (3) the termination of such proceedings in the plaintiff's favor, (4) malice in the institution of the proceedings, (5) the absence or lack of probable cause for the proceeding, and (6) that damages resulted.

*Fox v. DeSoto*, 489 F.3d 227, 237 (6th Cir. 2007) (emphasis omitted) (citing *Raine v. Drasin*, 621 S.W.2d 895, 899 (Ky. 1981)).  Kentucky "law generally disfavors the tort of malicious prosecution"; therefore, "claimants alleging malicious prosecution must strictly comply with each element of the tort."  *Garcia v. Whitaker*, 400 S.W.3d 270, 274 (Ky. 2013).

13

Like the federal claim, Plaintiff can only demonstrate that one of his claims is not time-barred and is not still pending, *i.e.*, his claim that on April 7, 2015, Defendants Heinz, Alley, and Phelps acting together caused a harassing-communications charge to be filed against him. Because, according to the complaint, this second prosecution was dismissed on September 19, 2015, it is not time-barred.  However, Defendant Heinz's actions as prosecutor make her immune to this claim.  *Howell v. Sanders*, 668 F.3d 344, 355 (6th Cir. 2012)  (noting there is "absolute immunity under the identical state and federal standards" when discussing prosecutorial immunity in context of malicious-prosecution claim).  Thus, the Court will allow Plaintiff's state-law malicious prosecution claim to continue against Defendants Alley and Phelps.

However, suit against Defendant Phelps may only proceed against him in his individual capacity.  The Kentucky State Police is a department within the executive branch of the Commonwealth, is tasked with statewide law enforcement, and is funded by the Kentucky General Assembly.  Ky. Rev. Stat. §§ 15A.020, 16.060, 16.050(1).  "[A] state agency is entitled to immunity from tort liability to the extent that it is performing a governmental, as opposed to a proprietary, function."  *Yanero v. Davis*, 65 S.W.3d 510, 519 (Ky. 2001).  "If a state agency is deemed to have governmental immunity, its officers or employees have official immunity when they are sued in their official or representative capacity."  *Autry v. W. Ky. Univ.*, 219 S.W.3d 713, 717 (Ky. 2007).  Because "[t]he prevention of crime is a purely governmental function," *Caudill v. Pinsion*, 24 S.W.2d 938, 940 (Ky. 1930), the Kentucky State Police, and by extension, a police officer in his official capacity are immune from state-law claims.  *Baughman v. Brooks*, No. 5:15-CV-29-JMH, 2015 WL 3916150, at *2 (E.D. Ky. June 25, 2015) (concluding that the Kentucky State Police and its officers in their official capacity were entitled to sovereign immunity on state-law claims that included false imprisonment); *Brosky v. Farris*, No. CIV. 11–

14

308-GFVT, 2012 WL 4601283, at *3 (E.D. Ky. Sept. 28, 2012) (holding that sovereign immunity shielded the Kentucky State Police and one if its detectives (in his official capacity) from any state-law claims); *McCoy v. Booth*, No. CIV. 08-112-ART, 2008 WL 4937638, at *2 (E.D. Ky. Nov. 17, 2008) ("[B]ecause the Department of Kentucky State Police is entitled to governmental immunity, [Officer] Booth is also entitled to that immunity and is immune from Plaintiffs' state-law claims against him in his official capacity."). Therefore, the official-capacity, state-law claim against Defendant Phelps will be dismissed.

*Abuse of process*

Plaintiff alleges that Defendants Arnold and Heinz committed the tort of abuse of process when they obtained warrants without probable cause. In Kentucky, "the statute of limitations on an abuse of process claim is one year" and is found in Ky. Rev. Stat. § 413.140(1)(a). *DeMoisey v. Ostermiller*, No. 2014-CA-001827-MR, 2016 WL 2609321, at *13 (Ky. Ct. App. May 6, 2016). Unlike the tort of malicious prosecution, "the cause of action for an abuse of process claim accrues at the time the conduct complained of by the plaintiff occurred, not at the termination of the underlying litigation." *Id*. at *14. Here, only the third charge made against him, in May 9, 2016, is not time-barred. This charge, Plaintiff alleges, was made by Defendant Heinz, after Defendant Ferris counseled Defendant Alley on how to file malicious charges. Although this section of the complaint references "ulterior motives," in reality, Plaintiff is complaining that Defendants "obtained a criminal summons without a probable cause and is an abuse of due process." However, the Kentucky Supreme Court, in "*Mullins v. Richards*, 705 S.W.2d 951 (Ky. Ct. App. 1986), held that obtaining an indictment alone, even with an ulterior purpose, is not abuse of process. There must be some act or use of the process to secure a

15

collateral advantage outside the criminal proceeding." *Sprint Commc'ns Co., L.P. v. Leggett*, 307 S.W.3d 109, 114 (Ky. 2010). Thus, Plaintiff fails to state a claim for abuse of process.

*State-law fraud and harassment claims*

Plaintiff alleges that evidence released in Trimble Family Court to his attorney on May 9, 2016, "suggests" that Defendants Vittitow and Heinz committed fraud by intercepting communication when Defendant Vittitow fraudulently listed her business address and phone number as Plaintiff's physical address and telephone number. He asserts that Trimble County Attorney Office employees Heinz and Vittitow committed mail fraud and conspired to intercept communication between Plaintiff and the government.

"'In a Kentucky action for fraud, the party claiming harm must establish six elements of fraud by clear and convincing evidence as follows: a) material representation b) which is false c) known to be false or made recklessly d) made with inducement to be acted upon e) acted in reliance thereon and f) causing injury.'" *Anderson v. Wade*, 33 F. App'x 750, 756 (6th Cir. 2002) (quoting *United Parcel Serv. Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999)). Here, Plaintiff does not allege an injury. For example, he does not allege that due to this alleged fraud, he missed any deadlines or suffered adverse decisions. This claim will be dismissed.

**Claims allowed to proceed**

For the foregoing reasons, the Court will allow to proceed past initial screening the following claims: (1) Plaintiff's § 1983 individual-capacity federal claim against Defendant **Phelps** for malicious prosecution; the § 1983 claims related to statutes being void for vagueness against Defendant **Heinz** in her official capacity, and (3) Plaintiff's state-law claim of malicious prosecution against Defendant **Alley** and Defendant **Phelps**, in his individual capacity. In allowing these claims to proceed, the Court expresses no opinion on their ultimate merit.

**IT IS ORDERED** that Plaintiff's claims under Title 18 of the U.S. Code, under 42 U.S.C. § 1985, and all of Plaintiff's claims under 42 U.S.C. § 1983 except for the two claims listed above, and state-law claims under Ky. Rev. St. § 600.020 and for abuse of process, fraud, and harassment are **DISMISSED** as frivolous, for failure to state a claim, and for seeking monetary relief against a defendant who is immune from such relief under 28 U.S.C. § 1915(e)(2).

The Clerk of Court is **DIRECTED** to terminate as parties to this action the following Defendants:  Trimble County, the Jefferson County Sheriff's Department, the Trimble County Sheriff's Department, Louisville Metro Corrections, the Kentucky State Police, Kim Vittitow, Perry Arnold, David Trimble, Matt Whalen, Charles Ferris, and two unknown Jefferson County Sheriff's deputies.

Date:  December 12, 2016

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc:      Plaintiff, *pro se*
         Defendants
4414.009

17