UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ALI AL MAQABLH                                                                   PLAINTIFF

v.                                                     CIVIL ACTION NO. 3:16-CV-289-JHM

CRYSTAL L. HEINZ et al.                                                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff moves (DN 13) this Court pursuant to Fed. R. Civ. P. 59(e) to alter or amend the Court's Memorandum Opinion and Order (DN 10) entered on December 12, 2016. The Court's Memorandum Opinion and Order (DN 10), among other things, dismissed Trimble County as a Defendant; dismissed Plaintiff's claims under 42 U.S.C. § 1985; allowed official-capacity claims to go forward against Trimble County Attorney Crystal Heinz regarding the constitutionality of certain statutes; and dismissed the 42 U.S.C. § 1983 claims against Defendants Heinz, Perry Arnold, and Vittitow based on prosecutorial immunity. For the reasons set forth below, Plaintiff's motion will be denied.

I.

*Propriety of invoking Rule 59(e)*

Subsection (e) of Rule 59 of the Federal Rules of Civil Procedure provides: "Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). For purposes of the Federal Rules of Civil Procedure, "judgment" is defined to "include[] a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). Thus, "judgment" encompasses both a final judgment and an appealable interlocutory order. Because an order dismissing fewer than all claims or parties, like the Court's Memorandum Opinion and Order at issue here, is not a final judgment, "a Rule

59(e) motion to challenge such an order may only be filed after the district court enters the final judgment." *Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 856 (8th Cir. 2008); *WSM, Inc. v. Wheeler Media Servs., Inc.*, 810 F.2d 113, 115 n.2 (6th Cir. 1987).

Thus, Plaintiff's invocation of Rule 59(e) is improper. Nonetheless, the Court has considered the arguments put forth in Plaintiff's motion and finds no reason to alter or amend its prior Memorandum Opinion and Order.

### *Trimble County*

In his motion to reconsider, Plaintiff argues that Trimble County is a person for purposes of 42 U.S.C. § 1983. However, the Court did not dismiss Trimble County as a Defendant because it was not a "person" under § 1983 but rather because all of the official-capacity claims against the employees of Trimble County had been dismissed. Therefore, no claims remained against Trimble County, and dismissal of Trimble County was appropriate.

### *42 U.S.C. § 1985 claims*

The second clause of 42 U.S.C. § 1985(2) provides that a cause of action for conspiracy to interfere with civil rights exists where:

> two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws[.]

42 U.S.C. § 1985(2).

Plaintiff's complaint alleged that Defendants conspired to deter him from filing complaints with Kentucky agencies, conspired to interfere with his correspondence with a government agency, and intimidated him and retaliated against him for attempting to be a

2

witness in a criminal investigation.[1]  He alleged that the interference occurred "by intimidation and threats to continue to prosecute him and conspired to interfere with Plaintiff's correspondence with a government agency."  In this section of the complaint, Plaintiff did allege that the interference was due to his race or nationality, but did not state what his race or nationality is.  Elsewhere in his complaint, he stated that he is a "lawfully admitted alien."

In its Memorandum Opinion and Order (DN 10), the Court found that Plaintiff included "only conclusory allegations that the Defendants acted in concert and did not allege that an agreement between two or more persons existed to discriminate against [him] based on [his] membership in a constitutionally protected class," such as race.  Therefore, the Court concluded that Plaintiff had not stated a claim under § 1985.

In his motion to reconsider, Plaintiff cites to Fed. R. Civ. P. 8(a)[2] and argues that he did sufficiently plead a claim under § 1985 because he referred to "racial profiling," referred to Defendants as "xenophobic" and "racist," and referred to himself as an "alien."  He still does not say what race or nationality he is.  He appears to believe that he should not have to give any further details.  He contends "that it is adversary to the rules of discovery and prejudices Plaintiff, his strategy to persecute his case and the substantiation of his claims to elaborate and provide detailed factual allegations to support his conclusions where discovery fits."

Plaintiff has not alleged sufficient facts to put Defendants on notice of the § 1985 charges against him.  Most of the complained of conduct in the complaint occurred outside the one-year statute-of-limitations period, *i.e.*, before May 18, 2015.  The complaint alleged that between February 3, 2015, and June 12, 2015, Defendants Trimble County Attorney Heinz and Vittitow

---

[1] The Court's Memorandum Opinion and Order found a number of Plaintiff's allegations barred by the one-year statute of limitations period.  Plaintiff's motion does not take issue with that finding.

[2] That Rule provides in pertinent part:  "A pleading that states a claim for relief must contain: . . . a short and plain statement of the grounds for the court's jurisdiction[.]"  Fed. R. Civ. P. 8(a)(1).

committed racial and ethnic profiling, but most of this time period is outside the one-year limitations period and does not contain specific facts.  Plaintiff did allege that evidence released in Trimble Family Court to his attorney on May 9, 2016, suggested that Defendants Heinz and Vittitow committed fraud by intercepting communication when Defendant Vittitow fraudulently listed her business address and phone number as Plaintiff's physical address and telephone number.  Plaintiff does not allege that Defendants Heinz and Vittitow conspired to do so in order to obstruct justice with the intent to deny Plaintiff equal protection of the laws.  Moreover, as employees of the same government body acting within the scope of their employment, Defendants Heinz and Vittitow cannot conspire under § 1985.  *See Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*, 926 F.2d 505, 509-10 (6th Cir. 1991); *Brace v. Ohio State Univ.*, 866 F. Supp. 1069, 1075 (S.D. Ohio 1994).

The complaint also alleged that in June 2015, *i.e.*, within the one-year period, Defendants engaged in unlawful use of a federal administrative subpoena harassing his alma matter.  But Plaintiff does not allege that Defendants conspired to unlawfully use a federal administrative subpoena to impede, hinder, obstruct, or defeat the court of justice with intent to deny Plaintiff the equal protection of the laws or to injure him for lawfully enforcing or attempting to enforce his right to the equal protection of the laws.  And, in fact, Plaintiff's complaint alleged that it was the University of Louisville that suffered "damages and financial loss [because] they hired an outside counsel to represent them in hearing held in Trimble Circuit Court to quash the Defendant's eccentric subpoena and engaged in expansive legal consultation to stay in compliance with the law while addressing Defendants requests and subpoena."

Further, Plaintiff's allegations as to a conspiracy are too conclusory to state a claim under § 1985.  Plaintiff does not make sufficient factual allegations to link the alleged conspirators in

the conspiracy and to establish the requisite "meeting of the minds" essential to the existence of the conspiracy. *Coker v. Summit Cty. Sheriff's Dep't*, 90 F. App'x 782, 789 (6th Cir. 2003); *see also Pahssen v. Merrill Cmty. Sch. Dist.*, 668 F.3d 356, 368 (6th Cir. 2012) (noting that "'conspiracy claims must be pled with some degree of specificity and . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim'") (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *Hayes v. Allstate Ins. Co.*, 95 F. Supp. 2d 832, 836 (W.D. Tenn. May 8, 2000) ("Even where conspiracy is alleged, a § 1985 claim must nevertheless be dismissed if material facts in the pleadings fail to support a conclusory claim of conspiracy."). Consequently, the Court finds no reason to alter or amend its prior Memorandum Opinion and Order with regard to this claim.

*Prosecutorial immunity*

Plaintiff argues that Defendants Heinz, Vittitow, and Arnold should not have been dismissed from the suit based on absolute prosecutorial immunity. He argues that none of the alleged infractions occurred while Defendants were performing prosecutorial tasks. He asserts:

> Unlike Jefferson County . . . where prosecutors accept cases from police and detective who conduct investigative work, in Trimble County . . . the current incompetent demagogue of County attorney performs more than prosecutorial tasks . . . of providing counsel to the police and private citizens on how to file charges that are ultimately poorly scripted and rely on inapplicable laws.

Plaintiff also states that "nowhere in Plaintiff's complaint did he contest prosecutorial work the Defendants conducted in the Courtroom. His complaint listed malicious and conspiratorial acts to have him charged with a crime." Therefore, Plaintiff argues that he raised issues of "fabrication of evidence and inducing a third party which are covered under [§ 1983 and § 1985] and are not protected by absolute or qualified immunity."

5

Plaintiff's argument fails. "County attorneys . . . are responsible for the prosecution of all criminal cases within the jurisdiction of the district court in the county or consolidated government where the county attorney is elected." *Commonwealth v. Vibbert*, 397 S.W.3d 910, 915 (Ky. Ct. App. 2013) (citing Ky. Rev. Stat. § 15.725(2)). The Supreme Court has explained that the common law gives absolute immunity in § 1983 actions for activities that are "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (internal quotation marks and citation omitted). Thus, for example, prosecutors enjoy absolute immunity when "filing an information without investigation, filing charges without jurisdiction, filing a baseless detainer, offering perjured testimony, suppressing exculpatory evidence, . . . [and] threatening . . . further criminal prosecutions." *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (per curiam) (internal quotation marks and citation omitted). All of the actions Plaintiff complains of are related to prosecution, and thus immunity applies.

Plaintiff also argues that Defendant Vittitow should not have been considered immune because she "is not a prosecutor and does not hold a law degree. Defendant Vittitow is a staff or a secretary who only *administers* child support cases." (Emphasis in original.) The complaint identified Vittitow as "a sitting staff in the Trimble County Attorneys Office" and as "staff in the Trimble County Attorney's office employed by Trimble County."

The immunity afforded to prosecuting attorneys also applies to members of the prosecutor's staff for "acts committed in the course of their duties . . . as staff of a prosecutor of the state." *Pizzuto v. Smith*, No. 5:12-cv-149, 2013 WL 3324086, at *7 (N.D.W.VA. July 1, 2013); *see also Adewumi v. Withenle*, No. 4-cv-14-807, 2014 WL 2605000, at *4 (M.D. Pa. June 9, 2014) (finding district attorney and her staff are absolutely immune). Thus, for example,

6

courts have found prosecutorial immunity applies to a victim's advocate employed at the prosecutor's office, *Pizzuto v. Smith*, 2013 WL 3324086, at *7; a paralegal employed in the prosecutor's office, *Richard v. Goins*, No. H-14-0303, 2014 WL 710956, at *2 (S.D. Tex. Feb. 21, 2014); and a notary for the prosecutor, *Stover v. Moist*, No. 5:15-CV-05095, 2015 WL 4173792, at *5 (W.D. Ark. July 10, 2015) . Therefore, Defendant Vittitow, an employee of the Trimble County Attorney's Office, is entitled to immunity despite the fact that she is not an attorney.

Plaintiff also asserts that Defendants Vittitow, Heinz, and Arnold cannot assert qualified immunity. This Court's prior Memorandum Opinion and Order does not mention qualified immunity.

## II.

For the foregoing reasons, Plaintiff's motion (DN 13) is **DENIED**.

Plaintiff's motion also asks the Court to clarify whether the Commonwealth of Kentucky is still a party to this action. Although this Court has allowed to proceed the official-capacity claim against Defendant Heinz related to certain statutes allegedly being void for vagueness, the Commonwealth is not a party to this action because the claim against Heinz in her official capacity is one under the legal fiction of *Ex parte Young*, 209 U.S. 123 (1908). *See Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 964 (6th Cir. 2013) ("Under this Circuit's precedent and *Ex parte Young*, the Eleventh Amendment does not bar suits for equitable, prospective relief . . .

7

against state officials in their official capacity."). Accordingly,

The Clerk of Court is **DIRECTED** to terminate Defendant Commonwealth of Kentucky as a party to this action.

Date: April 6, 2017

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
 Counsel of record
4414.009