# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CIVIL ACTION NO. 3:16-CV-289-JHM

**ALI AL MAQABLH,**                                                                                            **Plaintiff,**

v.

**CRYSTAL L. HEINZ, et al.,**                                                                    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Plaintiff Ali Al Maqablh ("Plaintiff") has filed a motion styled, "Plaintiff's Motion to Strike Defendant Alley's Reply with a Prayer for Emergency Relief." (DN 37.) The Court construes Plaintiff's motion as requesting that the Court take the following actions:

1. Strike DN 28, a reply filed by Defendant Lindsey Alley ("Alley") in support of her answer to the complaint (DN 21), and the attachments thereto;

2. In the alternative, seal the attachments to DN 28;

3. File under seal the attachments to DN 27, Alley's response to an earlier motion to strike filed by Plaintiff (DN 25);

4. Direct the Clerk of Court to mail to Alley a guide for *pro se* litigants in federal court; and

5. "[H]ave all of Defendant Alley's future filings automatically filed under seal and scrutinized for sensitive information." (DN 37 at 2.)

## DISCUSSION

**1. Plaintiff's request that the Court strike DN 28 and attachments thereto**

First, Plaintiff requests that the Court strike DN 28 and the attachments thereto. Under Rule 12(f) of the Federal Rules of Civil Procedure, "[t]he court may strike from a pleading an

insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Court may use Rule 12(f) to correct pleadings when they contain defects that "may affect the merits of the litigation or prejudice one of the parties." *Tinsley v. Conn. Gen. Life Ins. Co.*, 744 F. Supp. 2d 637 (W.D. Ky. 2010) (quoting 5C Wright & Miller, *Federal Practice & Procedure* § 1382 (3d ed. 2009). As is clear from the above quotation from Rule 12(f), a court may strike only material that is contained in the *pleadings*. Rule 7(a) defines pleadings as "a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served." Fed. R. Civ. P. 7(a).

In this case, Alley filed DN 28 as a "reply" to her answer to the complaint. Plaintiff describes DN 28 as "barely intelligible but highly impertinent." (DN 37 at 1.) He states that Alley "is proceeding *pro se* and seems to be under the impression that she is entitled to file endless replies." (*Id.*) Having reviewed the docket, the Court concludes that Alley filed DN 28 in response to Plaintiff having filed DN 23, which he captioned a reply to Alley's answer to the complaint. Neither Plaintiff's reply to the answer (DN 23) nor Alley's reply to Plaintiff's reply (DN 28) is a "pleading" within the meaning of Rule 7(a). The same is true of the attachments to Alley's reply. Based on the foregoing, DN 28, Alley's reply, is not a proper subject of a motion to strike under Rule 12(f). *See Martin v. Citimortgage*, 2015 U.S. Dist. LEXIS 39218, *7 (W.D. Ky. Mar. 26, 2015) (holding that "certain scandalous accusations" made by plaintiff in response to motion to dismiss were not a pleading under Rule 7(a) and therefore not the proper subject of a Rule 12(f) motion to strike); *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 375 (6th Cir.

2006) ("Exhibits attached to a dispositive motion are not 'pleadings' within the meaning of Fed. R. Civ. P. 7(a) and are therefore not subject to a motion to strike under Rule 12(f).").

Moreover, also pursuant to Rule 7, a reply to an answer is allowed only if the court orders one. Fed. R. Civ. P. 7(a)(7). In this case, Plaintiff did not seek the Court's permission to file a reply to the answer, and the Court did not allow him to file one. He did so anyway (DN 23). It is apparent to the Court that upon receiving -- and disagreeing with -- that reply, Alley filed her own reply (DN 28). This Court will not strike -- pursuant to Rule 12(f) or otherwise -- Alley's reply while allowing Plaintiff's to remain in the record. The Court finds that neither party is unduly prejudiced by the other's reply remaining in the record. Indeed, to allow both replies to remain appears to be the most just approach under the circumstances. Accordingly, the Court declines to grant Plaintiff's first request for relief.

### 2. Plaintiff's request that the Court seal the attachments to DN 28

Second, Plaintiff asserts that in the event that the Court does not strike DN 28, it should seal the attachments thereto (DN 28 at 8-12). Plaintiff argues that this is proper under Rule 5.2(a) of the Federal Rules of Civil Procedure because the attachments contain personal information of a minor.

Two standards are relevant to Plaintiff's request. To begin, Rule 5.2(a) provides, "Unless the court orders otherwise, in an electronic or paper filing with the court that contains . . . the name of an individual known to be a minor . . . a party or nonparty making the filing may include only [ . . . ] the minor's initials." Fed. R. Civ. P. 5.2(a), (a)(3). Additionally, the Court is mindful that "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *In re The Knoxville News Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983) (citation omitted).

A party's request that judicial records be sealed should be based on at least one of two recognized exceptions to the "strong presumption in favor of public access: [1] those based on the need to keep order and dignity in the courtroom and [2] those which center on the content of the information to be disclosed to the public." *In re Southeastern Milk Antitrust Litig.*, 666 F. Supp. 2d 908, 915 (E.D. Tenn. 2009) (*class certification granted in part and denied in part*, *In re Southeastern Milk Antitrust Litig.*, 2010 U.S. Dist. LEXIS 94223 (E.D. Tenn. 2010)) (internal citation omitted). Plaintiff's motion implicates the latter exception in that he contends that conventional filing of the attachments to DN 28 would result in revealing private, identifying information of a minor. "A court may consider a number of factors in determining whether a party's privacy interests outweigh the public's right of access[,] including: (1) the need for public access to the documents at issue; (2) the extent to which the public had access to the documents prior to the sealing order; (3) the fact that a party has objected to disclosure and the identity of that party; (4) the strength of the property and privacy interests involved; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced." *Kraras v. Safeskin Corp.*, 2004 U.S. Dist. LEXIS 28876, *26-27 (S.D. Ohio Aug. 26, 2004) (citing *Haber v. Evans*, 268 F. Supp. 2d 507, 510 (E.D. Pa. 2003)).

      The Court has closely reviewed Alley's reply in support of her answer and the attachments thereto. The Court does not see any instances therein in which the minor child is referenced by name. Therefore, the Court concludes that there is no need to invoke the privacy protection for minors that is afforded by Rule 5.2(a)(3). Additionally, the Court concludes that under the standard set forth above, DN 28 shall not be filed under seal. The body of DN 28 discusses other conventionally filed documents in this case, including the answer to the

complaint (DN 21) and Plaintiff's "reply" to that answer (DN 23). There are five pages of attachments to DN 28. Three of those pages consist of orders from Trimble County (Kentucky) courts related to custody of or visitation with the minor child. (DN 28 at 8-9, 12.) Those documents appear to be part of the public record, and Plaintiff has not asserted otherwise. The other two pages of attachments consist of what purport to be print-outs of text messages exchanged by Plaintiff and Alley. (*Id.* at 10-11.) None of the text messages mention the minor child's name; the subject of the parties' conversation is closely related to the dispute underlying this case.

The Court finds that under the standard set forth above, there is no need to seal the body of DN 28, the court order attachments, or the text message attachments. Those very documents or the subject matter contained therein are already part of the public record. Their contents do not threaten the privacy rights of or otherwise prejudice Plaintiff, Alley, their child, or any other party to this case. Accordingly, the Court will not grant Plaintiff's second request for relief.

**3. Plaintiff's request that the Court seal the attachments to DN 27**

Third, Plaintiff requests that the Court seal the attachments to DN 27. The Court finds that a compelling reason exists to file the attachments to DN 27 under seal. Specifically, the attachments consist of excerpts from notes by a social worker, a "Pediatric Forensic Medicine Consult," and a conclusion regarding child welfare by an unnamed entity. (DN 27 at 6-8.) These documents reference the minor child's first name and surname and discuss findings regarding the child's medical status and environmental factors. Looking to the factors set forth above in relation to weighing a party's privacy interests against the public's right of access, the Court reasons that the public does not have a need to access these documents based on the nature

of the documents. Further, the Court does not believe that the public had access to the documents prior to the motion to seal being filed. Moreover, the strength of the minor child's privacy interests is strong, as is reflected in Rule 5.2(a). There is no danger of prejudice to any party in this action if the documents are sealed, as all parties will continue to have access to them through the electronic filing system. *See Kraras*, 2004 U.S. Dist. LEXIS 28876 at *26-27 (citation omitted). Based on the foregoing, the Court will grant the motion insofar as it requests that the attachments to DN 27 are refiled under seal.

### 4. Plaintiff's request that the Court direct the Clerk of Court to provide a manual for *pro se* litigants to Defendant Alley

Plaintiff asks that the Court direct the Clerk of Court to provide to Alley a manual on civil litigation for *pro se* litigants. The Court does not join Plaintiff in his repeated critical, degrading comments regarding Alley. However, the Court believes that the manual for *pro se* litigants is a useful tool. Accordingly, Plaintiff's motion will be granted insofar as it requests that the manual be sent to Alley.

### 5. Plaintiff's request that the Court automatically seal all filings by Alley

Finally, Plaintiff requests that the Court automatically seal all future filings by Alley "and scrutinize[ them] for sensitive information." (DN 37 at 2.) As is clear from the above discussion, whether to file materials under seal requires fact-specific analysis. Accordingly, the Court declines to automatically seal any party's filings or engage in the sort of additional scrutiny requested by Plaintiff. It is incumbent upon all parties to carefully consider whether any materials that they file in this action ought to be sealed under the standard set forth above. Plaintiff's final request for relief will be denied.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's "Motion to Strike Defendant Alley's Reply with a Prayer for Emergency Relief" (DN 37) is **GRANTED IN PART and DENIED IN PART**.

1. The motion is **DENIED** insofar as it requests that the Court strike DN 28.

2. The motion is **DENIED** insofar as it requests that the Court seal the attachments to DN 28.

3. The motion is **GRANTED** insofar as it requests that the Court seal the attachments to DN 27. The Clerk of Court is DIRECTED to REMOVE from the record OR fully REDACT DN 27, Page ID 254-256 and to REFILE those three pages, UNDER SEAL, under a new document number.

4. The motion is **GRANTED** insofar as it requests that a *pro se* litigant manual be sent to Alley. The Clerk of Court is DIRECTED to mail to Alley a copy of the manual.

5. The motion is **DENIED** insofar as it requests that the Court automatically seal or otherwise give extra scrutiny to all future filings by Alley.

Appeal of this Order is subject to the terms and time limitations of Fed. R. Civ. P. 72(a) and L.R. 72.2.

cc: Counsel of record
    Plaintiff, *pro se*
    Defendant Alley, *pro se*