# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

CIVIL ACTION NO. 3:16-cv-00289-JHM

ALI AL MAQABLH                                                      PLAINTIFF

V.

CRYSTAL L. HEINZ, et al.                                          DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Heinz's Motion to Dismiss [DN 19] and Plaintiff's Motion for Leave to File a Sur-Reply [DN 29]. Fully briefed, this matter is ripe for decision. For the following reasons, Defendant Heinz's Motion is **GRANTED** and Plaintiff's Motion is **DENIED**.

### I. BACKGROUND

Plaintiff Ali Al Maqablh filed his Complaint in this Court alleging multiple claims against Jefferson County, Trimble County, and various Kentucky state employees regarding the criminal proceedings commenced against him and related to the contact that he had with Defendant Lindsay Alley. On December 12, 2016, upon initial screening, this Court dismissed most of Plaintiff's claims, with three exceptions. (Mem. Op. [DN 10] at 16.) Only one of those excepted claims is at issue here: "the § 1983 claims related to statutes being void for vagueness against Defendant Heinz in her official capacity." (Id.) On February 6, 2017, Defendant Crystal Heinz, in her official capacity as the Trimble County Attorney, filed the instant Motion to Dismiss addressing this claim. (Mot. Dismiss [DN 19] at 1.)

### II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiffs," League of United

Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true," id., and determine whether the "complaint . . . states a plausible claim for relief," Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for its entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 679. Instead, "a complaint must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Id. at 663 (quoting Fed. R. Civ. P. 8(a)(2)). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Brown v. Bargery, 207 F.3d 863, 867 (6th Cir. 2000).

### III. DISCUSSION

The remaining claim against Defendant Heinz relates to the § 1983 claim in which Plaintiff states that "KRS 525.080 is vague and unlawful and violates [f]ederal law and [the] U.S. Supreme Court ruling in Elonis v. United States." (Compl. [DN 1] ¶ 29.) Additionally, Plaintiff claims that KRS 519.040, "falsely reporting an incident[,] is void for vagueness and

unconstitutional." (Id. at 43 ¶ J.) Consequently, he calls for the "[i]mmediate [s]uspsension of the Kentucky Statues KRS 519.040 AND KRS 525.080" and requests this Court to "ask the Kentucky legislature to introduce a new statute" in light of Elonis. (Id. at 44 ¶ M.) Although this claim passed initial screening, it must now be dismissed, because the Plaintiff cannot prove any set of facts which would entitle him to the relief he seeks.

Though Plaintiff focuses mostly on the First Amendment in his void for vagueness analysis, and Defendant concentrates mainly on the due process aspect, the void for vagueness doctrine can be approached from both angles. "The Due Process Clauses of the Fifth and Fourteenth Amendments provide the constitutional foundation for the void-for-vagueness doctrine." Belle Maer Harbor v. Charter Twp. of Harrison, 170 F.3d 553, 556 (6th Cir. 1999) (citing United States v. Haun, 90 F.3d 1096, 1101 (6th Cir.1996); Columbia Nat. Res., Inc. v. Tatum, 58 F.3d 1101, 1104 (6th Cir. 1995)). However, the First Amendment also allows a plaintiff to bring a claim of void for vagueness of the law because the allegedly overbroad statute potentially regulates a substantial amount of protected speech. United States v. Coss, 677 F.3d 278, 289 (6th Cir. 2012) (citing United States v. Williams, 553 U.S. 285, 304 (2008)); see Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 494–95 (1982).

Generally, "the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." Risbridger v. Connelly, 275 F.3d 565, 572 (6th Cir. 2002) (quoting Kolender v. Lawson, 461 U.S. 352, 357 (1983)); see Coss, 677 F.3d at 289. "Although the doctrine focuses both on actual notice to citizens and arbitrary enforcement," in fact "the more important aspect of vagueness doctrine 'is not actual notice, but the other principal element of the doctrine—the requirement

that a legislature establish minimal guidelines to govern law enforcement.'" Kolender, 461 U.S. at 357–58 (quoting Smith v. Goguen, 415 U.S. 566, 574 (1974)). To that effect, "[v]agueness may invalidate a criminal statute if it either (1) fails 'to provide the kind of notice that will enable ordinary people to understand what conduct it prohibits' or (2) authorizes or encourages 'arbitrary and discriminatory enforcement.'" United States v. Caseer, 399 F.3d 828, 836 (6th Cir. 2005) (quoting United States v. Bowker, 372 F.3d 365, 380 (6th Cir.2004)); see City of Chicago v. Morales, 527 U.S. 41, 56 (1999)).

First, Plaintiff challenges the Kentucky harassing communications statute, which reads:

(1) A person is guilty of harassing communications when, with intent to intimidate, harass, annoy, or alarm another person, he or she:

> (a) Communicates with a person, anonymously or otherwise, by telephone, telegraph, mail, or any other form of electronic or written communication in a manner which causes annoyance or alarm and serves no purpose of legitimate communication;
>
> (b) Makes a telephone call, whether or not conversation ensues, with no purpose of legitimate communication; or
>
> (c) Communicates, while enrolled as a student in a local school district, with or about another school student, anonymously or otherwise, by telephone, the Internet, telegraph, mail, or any other form of electronic or written communication in a manner which a reasonable person under the circumstances should know would cause the other student to suffer fear of physical harm, intimidation, humiliation, or embarrassment and which serves no purpose of legitimate communication.

(2) Harassing communications is a Class B misdemeanor.

KRS 525.080.

Plaintiff principally argues that KRS 525.080 fails to provide reasonable notice of what conduct is prohibited under the First Amendment. (Resp. [DN 22] at 4.) However, a statute is "void for vagueness only if it is so vague that no standard of conduct is specified at all," Chambers v. Stengel, 256 F.3d 397, 400 (6th Cir. 2001), or if "ordinary people, exercising

ordinary common sense, [cannot] understand it and avoid conduct which is prohibited," United States v. Hill, 167 F.3d 1055, 1063 (6th Cir. 1999) (quoting United States v. Salisbury, 983 F.2d 1369, 1378 (6th Cir. 1993)). To that end, statues including "scienter requirements alleviate vagueness concerns." Gonzales v. Carhart, 550 U.S. 124, 149 (2007) (citing Posters 'N' Things, Ltd. v. United States, 511 U.S. 513, 526 (1994)). In fact, the Supreme Court "has long recognized that the constitutionality of a vague statutory standard is closely related to whether that standard incorporates a requirement of *mens rea*." Grayned v. City of Rockford, 408 U.S. 104, 108 (1972). KRS 525.080 includes a scienter requirement—one who violates the statute must intentionally engage in the harassing communications.[1] In specifically examining this statute under the void for vagueness doctrine, the Kentucky Court of Appeals determined that this statute was indeed constitutional. Yates v. Com., 753 S.W.2d 874, 876 (Ky. Ct. App. 1988). For the purposes of due process and putting the public on notice, the court determined that "[t]he meaning of the statute is clear and provides reasonable opportunity to know what actions are prohibited." Id. As a result, the Court declines to overturn 29 years of precedent set by the Kentucky Court of Appeals' and to declare this statute unconstitutionally vague, as it provides adequate notice to people of ordinary intelligence about the conduct it proscribes.

Plaintiff additionally argues that certain terms within the statute are unclear and can be interpreted in different ways. However, the statute uses no scientific or technical terminology that could possibly confuse or mislead ordinary citizens. Cf. Caseer, 399 F.3d at 837 (finding that the use of scientific or technical terminology or terms of art common in a regulated field

---

[1] Plaintiff hangs his hat largely on the Supreme Court case Elonis v. United States, 135 S. Ct. 2001 (2015). In this case, the federal threatening communications statute 18 U.S.C. § 875(c) contained an implied scienter requirement. Specifically, the Court construed the statute to require proof that the defendant, in making postings on social networking website, intended to issue threats or knew that communications would be viewed as threats. Elonis, 135 S. Ct. at 2012. The Third Circuit did not require an examination of the defendant's mental state, which the Court found was in error. Id. Here, this Court need not rely on Elonis because the statutes at issue list a *mens rea* or scienter requirement. See KRS 525.080 (requiring intent); KRS 519.040 (requiring knowledge). Therefore, Plaintiff's use of Elonis is inapposite.

5

does not automatically render a statute unconstitutionally vague). Though Plaintiff claims that the statue does not adequately define "intimidating," "harassing," "annoying," and "alarming" speech, the Court does not accept this argument. (Resp. [DN 19] at 5.) When lawmakers fail to define a specific term, a court may presume that they intended the term's ordinary meaning to attach. See Rusello v. United States, 464 U.S. 16, 21 (1983). Indeed, all of the terms to which Plaintiff "objects are commonly understood by ordinary people." Monhollen v. Com., 947 S.W.2d 61, 63 (Ky. Ct. App. 1997) (finding the terms "alarms, annoys, intimidates or harasses" and no "legitimate purpose" not unconstitutionally vague). Given the scienter requirement and the use of common terms in KRS 525.080, the Court refuses to declare KRS 525.080 void for vagueness under the Fourteenth Amendment.

Lastly, Plaintiff argues that this statue criminalizes free and protected speech. With regard to free speech concerns, the Kentucky Court of Appeals stated specifically in Yates that "KRS 525.080 does not regulate speech but rather the intentional use of private communication to annoy, alarm, or harass the receiver which also serves no purpose of legitimate communication." 753 S.W.2d at 875. Expounding on this concept, the court explained:

> The statute is not overbroad nor does it prohibit legitimate free speech but rather it punishes the manner used to convey the communication. KRS 525.080(1)(a) specifically states "in a manner which causes . . ." and it does not even matter if any conversation ever ensues in (1)(b). It is the conduct that is controlled; the manner used which intrudes on an individual's right to be left alone and not the thoughts or ideas conveyed. Freedom of speech does not include freedom to convey messages when, where, and how one chooses. That right must be adjusted to the rights of others. Breard v. Alexandria, 341 U.S. 622, 71 S.Ct. 920, 95 L.Ed. 1233 (1951).

Id. at 875–76. The principles set forth in Yates have remained good law since their inception. In fact, other courts have looked to Yates in determining that their similar state statues are constitutional and not void for vagueness. See South v. City of Mountain Brook, 688 So. 2d 292,

296 (Ala. Crim. App. 1996) (specifically adopting the reasoning in Yates); see also City of Montgomery v. Zgouvas, 953 So. 2d 434, 443 (Ala. Crim. App. 2006) (same). As such, the Court adopts the reasoning in Yates as to the First Amendment issues as well and declines to find that KRS 525.080 is unconstitutionally vague in light of such longstanding and well-reasoned precedent.

Similarly, Plaintiff argues that KRS 519.040 is unconstitutionally vague under the First and Fourteenth Amendments. "It is settled that, as a matter of due process, a criminal statute that 'fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute,' or is so indefinite that 'it encourages arbitrary and erratic arrests and convictions,' is void for vagueness." Tomlin v. Anderson, 106 F.3d 402 (6th Cir. 1997) (quoting Colautti v. Franklin, 439 U.S. 379, 390 (1979)). Plaintiff fails to articulate in what way this statute is allegedly void for vagueness. However, when the First Amendment "is involved, rigorous adherence to [the fair-notice] requirements is necessary to ensure that ambiguity does not chill protected speech." Libertarian Party of Ohio v. Husted, 751 F.3d 403, 422 (6th Cir. 2014) (quoting F.C.C. v. Fox Television Stations, Inc., 132 S. Ct. 2307, 2317 (2012)).

In terms of due process requirements the Court finds that a person of average acumen could comprehend what conduct is prohibited by KRS 519.040. The statute reads as follows:

(1) A person is guilty of falsely reporting an incident when he:

> (a) Knowingly causes a false alarm of fire or other emergency to be transmitted to or within any organization, official or volunteer, that deals with emergencies involving danger to life or property; or
>
> (b) Reports to law enforcement authorities an offense or incident within their official concern knowing that it did not occur; or
>
> (c) Furnishes law enforcement authorities with information allegedly relating to an offense or incident within their official concern when he knows he has no information relating to such offense or incident; or

7

(d) Knowingly gives false information to any law enforcement officer with intent to implicate another; or

(e) Initiates or circulates a report or warning of an alleged occurrence or impending occurrence of a fire or other emergency under circumstances likely to cause public inconvenience or alarm when he knows the information reported, conveyed or circulated is false or baseless.

(2) Falsely reporting an incident is a Class A misdemeanor.

KRS 519.040.

Though many of the terms in the text of the statute are left undefined and while the statute "could further particularize the conduct they seek to prohibit, imposing such a burden on the . . . drafters would make impossible the task of writing criminal statutes broad enough to encompass a panoply of conduct and specific enough to fairly apprise citizens of what behavior is unlawful." United States v. Williams, 892 F.2d 1044 (6th Cir. 1990) (citing Colten v. Kentucky, 407 U.S. 104, 110 (1972)).

Even more to that end, the text of the Kentucky statute goes into more detail than the Model Penal Code prescribes, providing an added layer of protection. The Model Penal Code simply provides the following:

(1) Falsely Incriminating Another. A person who knowingly gives false information to any law enforcement officer with purpose to implicate another commits a misdemeanor.

(2) Fictitious Reports. A person commits a petty misdemeanor if he:

(a) reports to law enforcement authorities an offense or other incident within their concern knowing that it did not occur; or

(b) pretends to furnish such authorities with information relating to an offense or incident when he knows he has no information relating to such offense or incident.

Model Penal Code § 241.5. Kentucky's more exhaustive list affords individuals clearer and more definite notice as to what could be considered proscribed conduct. And, in reviewing their

native state statues, other jurisdictions have specifically examined statutes similar to Kentucky's, finding that they were not void for vagueness. See State v. Levandowski, No. 03C01-9503-CR-00076, 1996 WL 315807, at *7 (Tenn. Crim. App. June 5, 1996), aff'd, 955 S.W.2d 603 (Tenn. 1997) (concluding that the false reporting statute "delimits the proscribed offense with sufficient clarity to encompass statements volunteered by the declarant and to exclude false responses to police inquiries."); City of Yakima v. Irwin, 851 P.2d 724, 729 (Wash. Ct. App. 1993) (ruling the provision making it unlawful to cause or make any willfully untrue, false, misleading, unfounded or exaggerated statement or report to police department, was not void for vagueness, as it met due process requirements). As such, the Court finds that an ordinary person can ascertain what is prohibited based upon the language in the statute as required by due process.

Additionally, the KRS 519.040 provides an adequate measure of scienter, as each subsection of the Kentucky false reporting statute requires a knowledge or "knowingly" element. This goes to alleviating any vagueness concerns. Gonzales, 550 U.S. at 149. To that end, "[t]he meaning of the term 'knowingly' is well-settled." United States v. Halter, 259 F. App'x 738, 740 (6th Cir. 2008) (citing Bryan v. United States, 524 U.S. 184, 193 (1998) (stating "unless the text of the statute dictates a different result, the term 'knowingly' merely requires proof of knowledge of the facts that constitute the offense")). Because the scienter or *mens rea* is clearly delineated in KRS 519.040, it provides adequate notice to people of ordinary intelligence about the conduct it proscribes, namely, *knowingly* making a false report.

Finally, this statute is not unconstitutionally vague as to limit the First Amendment rights of individuals. The Fifth Circuit compellingly addressed this very issue:

> We reject the argument that mere exposure to criminal perjury or false-report charges unconstitutionally inhibits conduct protected by the First Amendment. The Constitution affords necessary "breathing space" by protecting erroneous statements honestly made, but it does not protect knowingly false

9

statements or false statements made with reckless disregard of the truth. . . . The statutes at issue here were obviously designed to discourage knowing falsehood and thereby to enhance the reliability of particularly important statements, such as those made under oath or in the form of unsworn reports to law enforcement officials. Such a goal is clearly legitimate.

Gates v. City of Dallas, 729 F.2d 343, 346 (5th Cir. 1984). Further, the Arizona Court of Appeals expounded upon these principles, stating:

> Individuals must be deterred from providing law enforcement officers and agencies with any information known to be false, fraudulent or misleading and from intentionally impeding such officers or agencies from carrying out their function. The state has a legitimate interest in facilitating the law enforcement process by discouraging individuals not from communicating with law enforcement officers generally, but from knowingly providing information that will confound the functioning of the justice system.

State v. Terrell, 811 P.2d 364, 366 (Ariz. Ct. App. 1991). The Court adopts this reasoning. The Kentucky false reporting statute would not chill any constitutionally protected speech; therefore, it does not unconstitutionally impinge Plaintiff's First Amendment rights.

The Court finds that the statutes at issue here, KRS 525.080 and KRS 519.040, are not unconstitutionally void for vagueness under the First or Fourteenth Amendments. Accordingly, the Court will grant Defendant Heinz's Motion to Dismiss as to the remaining claim against her.[2]

---

[2] Plaintiff has additionally filed a Motion for Leave to File a Sur-Reply and tendered the proposed Sur-Reply. Plaintiff's Motion focuses largely on exhibits that Defendant Heinz's attorneys allegedly did not have at the time they filed their initial Motion to Dismiss and Reply. The Court does not believe that these exhibits will shed any light on the issues addressed in this Opinion and denies Plaintiff's Motion for Leave as such.

## IV. Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant Heinz's Motion to Dismiss [DN 19] is **GRANTED**. **IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File a Sur-Reply [DN 29] is **DENIED**.

**Joseph H. McKinley, Jr., Chief Judge
United States District Court**

cc: Plaintiff, counsel of record

May 4, 2017