UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-289-JHM-CHL

ALI AL MAQABLH,
                                                                                    **Plaintiff,**

v.

CRYSTAL L. HEINZ et al.,                                                   **Defendants.**

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Amend the Complaint (DN 99) filed by Plaintiff Ali Al Maqablh ("Maqablh"). Defendants, James Phelps and Lindsey Jo Alley (collectively "Defendants") filed a Response (DN 102), and Maqablh filed a Reply (DN 103). Accordingly, this matter is ripe for review.

For the reasons set forth below, the Court DENIES Maqablh's Motion to Amend (DN 99).

## BACKGROUND

On May 18, 2016, Maqablh, proceeding pro se, filed a complaint against numerous Defendants alleging violations of his constitutional rights. (DN 1.) After undertaking preliminary review of Maqablh's Complaint (DN 10) and ruling on one Defendant's Motion to Dismiss (DN 45), the Court entered a scheduling order setting the deadline to amend pleadings for October 1, 2017. (DN 56.)

On August 16, 2017, attorney Jeffrey A. Sexton entered an appearance on Maqablh's behalf. (DN 61.) Shortly thereafter, Sexton filed a motion to extend the deadline to amend pleadings to December 1, 2017 on the basis that counsel had only recently been retained and required additional time to prepare an amended complaint. (DN 62.) The Court granted counsel's motion in part, finding that good cause existed for a one-month extension of the deadline to amend

pleadings. (DN 68.) Accordingly, the Court set a new deadline of November 1, 2017. (*Id.* at PageID # 426.)

After a September 25, 2017 telephonic status conference, it became apparent that discovery in the action could not move forward before the Amended Complaint was filed. (DN 71.) Therefore, the Court ordered Maqablh to file his Amended Complaint on or before October 16, 2017. (*Id.*) Maqablh timely-filed his Amended Complaint on October 6, 2017. (DN 73.)

However, on February 28, 2018, after the deadline to amend pleadings had passed and without seeking leave from the Court, Maqablh filed a Second Amended Complaint. (DN 92.) The Court subsequently struck the Second Amended Complaint from the record because it had been filed without any attempt to meet the standards of Fed. R. Civ. P. 15. (DN 96.) The Court set a new deadline of March 22, 2018 for Maqablh to file a proper motion for leave to amend his complaint. Maqablh filed the instant Motion to Amend on March 22, 2018. (DN 99.) Maqablh's Motion, in its entirety, stated:

> Comes the Plaintiff, by counsel, and for his Motion to Amend the original Complaint, hereby states as follows: Discovery has been taken, Counsel seeks to amend complaint to address new Defendants and new evidence. WHEREFORE, Plaintiff for the reasons stated above requests this Court to allow Plaintiff to file the attached Amended Complaint.

(DN 99.) Maqablh's Motion did not cite to any case law, include any discussion or argument regarding the standard to amend a complaint after the deadline for amendment of pleadings had passed, or include any argument as to his diligence in attempting to comply with the Court's deadlines.

Defendants filed a Response in opposition (DN 102), arguing that Maqablh had not met the required standards under Fed. R. Civ. P. 15 and 16. Defendants also argued that Maqablh's proposed amendments were "untimely, in bad faith, unduly prejudicial, and futile." (*Id.*)

Maqablh then filed a thirteen-page Reply in support arguing he had shown good cause and that his request was proper under Fed. R. Civ. P. 15 and 16. (DN 103.) His response included numerous details not included in his initial motion, and for the first time, he argued that there was no prejudice to Defendants because their delay in the discovery process accounted for his delay in learning the information added to his Complaint. (*Id.* at PageID # 723.)

## DISCUSSION

### I. Legal Standard

The Sixth Circuit has held that in considering a request to amend a complaint past the deadline set for amending pleadings, "a plaintiff must first show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

In evaluating whether a party has shown "good cause" within the meaning of Fed. R. Civ. P. 16(b), the primary consideration is "the moving party's diligence in attempting to meet the case management order's requirements." *Ingle v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)); s*ee also* Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendments ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). Additionally, a court should consider whether modification of the scheduling order will prejudice the opposing party. *Leary*, 349 F.3d at 906.

As to whether the amendment is proper, Fed. R. Civ. P. 15 provides that [t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a Court may appropriately deny leave to amend based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

3

prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Forman v. Davis*, 371 U.S. 178, 182 (1962).

## II. Maqablh Failed to Show "Good Cause" For His Request To Amend His Pleading After The Deadline.

Maqablh's Motion was filed on March 22, 2018. (DN 99.) The deadline to amend pleadings passed on November 1, 2017. (DN 68.) Given that he requested leave to amend past the deadline, Maqablh was required to show "good cause" for the delay in seeking leave to amend, in addition to complying with Rule 15. Yet Maqablh's initial motion failed to make any specific argument as to why he had "good cause" for failing to amend his complaint by the deadline set in this Court's September 15, 2017 Order (DN 68). Indeed, the argument in Maqablh's initial motion consisted of only one sentence indicating that "discovery has been taken" and that the request is based on "new Defendants and new evidence." (DN 99.) This is an insufficient argument as to the issue of good cause because it offers the Court no real analysis as to which defendant(s) or evidence Maqablh refers or why Maqablh has only now discovered the alleged "new evidence," leaving the Court to speculate as to Maqablh's argument. Nor does it address Maqablh's diligence in attempting to comply with the Court's scheduling order. As the Sixth Circuit has observed, "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put . . . flesh on its bones." *McPherson v Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). Put another way, the Court will not make Maqablh's argument for him.

Further, given the perfunctory and fleeting manner in which Maqablh stated his grounds in his initial Motion, the Court also declines to consider any arguments advanced in Maqablh's Reply. Maqablh's initial Motion to Amend is so bare bones that his Reply is essentially an entirely new

motion, one drafted with the benefit of having seen the Defendants' Response in opposition. This is inequitable. Indeed, in *Barany-Snyder v. Weiner*, 539 F.3d 327, 331-32 (6th Cir. 2008), the Sixth Circuit approved a district court's decision not to address arguments raised for the first time in a reply brief, characterizing the same as "apt." District Courts in this Circuit have repeatedly held that arguments and issues raised for the first time in a reply brief are not properly before the Court. *See United States v. Bennett*, No. 3:17-cr-00032, 2017 WL 5339905, at *5 n.2 (W.D Ky. Nov. 13, 2017) ("Issues raised for the first time in a reply brief, however, are not properly before the Court."); *South Fifth Towers, LLC v. Aspen Ins. UK, Ltd.*, No. 3:15-cv-001512016 WL 270459, at *5 (W.D. Ky. Jan. 21, 2016) ("The court of appeals has said that it is improper to raise an issue for the first time in a reply as it prevents the nonmoving party from having a fair opportunity to respond.").

As the Federal Circuit has observed in explaining why issues raised in a reply brief are not properly preserved for appeal:

> Raising the issue for the first time in a reply brief does not suffice; reply briefs *reply* to arguments made in the response brief—they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration. Further the non-moving party ordinarily has no right to respond to the reply brief, at least not until oral argument. As a matter of litigation fairness and procedure, then, we must treat [such issues] as waived.

*Novosteel SA v. United States,* 284 F.3d 1261, 1274 (Fed. Cir. 2002). For the same reason, it is unfair to permit Maqablh to provide essentially no notice of the grounds for his motion until Defendants have already been forced to speculate as to the exact points of his argument and respond accordingly. Doing so deprives Defendants of a true and meaningful opportunity to respond.

The Court also notes that prejudice will result to Defendants if Maqablh is permitted to amend past the deadline. Defendants have already drafted a Motion to Dismiss (DN 79), which

5

they would be forced to rework if Maqablh's request was granted. Though this factor is not dispositive, it weighs in favor of not permitting Maqablh to amend past the deadline.

Given that the Court declines to consider Maqablh's Reply brief, the Court finds that Maqablh has not shown "good cause" for his failure to comply with the Court's scheduling order as required. Because the Court was required to address this showing before considering whether Maqablh's request comports with Fed. R. Civ. P. 15, the Court does not reach the question of the propriety of the amendment under the same.

# ORDER

Accordingly, IT IS HEREBY ORDERED that Maqablh's Motion to Amend (DN 99) is DENIED.


cc: Counsel of record