# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

CIVIL ACTION NO: 3:16-CV-289-JHM

ALI AL MAQABLH                                                                                    PLAINTIFF

V.

CRYSTAL L. HEINZ, *et al.*                                                                   DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants James Phelps and Lindsey Alley's Motion to Dismiss [DN 79]. Fully briefed, this matter is ripe for decision. For the following reasons, the Defendants' Motion to Dismiss is **DENIED IN PART** and **GRANTED IN PART**.

## I. BACKGROUND

Plaintiff Ali Al Maqablh filed his Original Complaint in this Court alleging multiple claims against Jefferson County, Trimble County, and various Kentucky state employees regarding the criminal proceedings commenced against him and related to the contact that he had with the mother of his child, Defendant Lindsay Jo Alley. On December 12, 2016, upon initial screening, this Court dismissed most of Plaintiff's claims, with three exceptions: (1) Plaintiff's § 1983 individual-capacity federal claim against Defendant Trooper James Phelps for malicious prosecution; (2) the § 1983 claims related to statutes being void for vagueness against Defendant Crystal Heinz in her official capacity, and (3) Plaintiff's state-law claims of malicious prosecution against Defendant Lindsey Alley and Defendant Trooper Phelps in his individual capacity. (Mem. Op. and Order [DN 10] at 16.) On May 4, 2017, this Court granted Defendant Heinz's Motion to Dismiss, finding that the statutes questioned in Plaintiff's Original Complaint were not unconstitutionally void for vagueness (Mem. Op. and Order [DN 45] at 10.) From his Original Complaint, only Plaintiff's federal and state claims for malicious prosecution survive.

Then, on October 16, 2017, Plaintiff filed an Amended Complaint reiterating the claims he previously brought in his Original Complaint and adding more counts against the remaining defendants, James Phelps and Lindsey Alley ("Defendants"). In addition to malicious prosecution, Plaintiff alleges that Defendants have committed conspiracy in violation of 42 U.S.C. § 1985, racial discrimination in violation of the Equal Protection Clause and 41 U.S.C. § 1981, racial profiling in violation of KRS 15A.195 and 502 KAR 5:020, and neglected to prevent conspiracy in violation of 42 U.S.C. § 1986.

Defendants filed this Motion to Dismiss, asking that all claims against them be dismissed for failure to state a claim upon which relief can be granted. Plaintiff did not offer a response to the Motion to Dismiss but instead filed a Motion to Strike, stating that the "Motion to Dismiss is untimely and without merit and should be stricken from the record in its entirety." (Mot. to Strike Defs.' Mot. to Dismiss [DN 81] at 2.) This Court denied Plaintiff's Motion to Strike and directed Plaintiff to file a response to Defendants' Motion to Dismiss within fifteen days. (Order [DN 87].) Plaintiff, again, did not file a response. This time, he filed another Amended Complaint [DN 92]. Because Plaintiff did not have leave to amend his complaint, the Court struck his Second Amended Complaint from the record and instructed Plaintiff to seek leave of the Court if he wished to amend his complaint. (Order [DN 96], amended by Order of Correction [DN 98].) Accordingly, Plaintiff filed a Motion to Amend/Correct Complaint [DN 99]. Magistrate Judge Lindsay denied Plaintiff's Motion to Amend, finding that "Maqablh has not shown 'good cause' for his failure to comply with the Court's scheduling order as required." (Mem. Op. and Order [DN 105] at 6.) As such, Defendants' Motion to Dismiss is now ripe for decision.

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiffs," *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true," id., and determine whether the "complaint . . . states a plausible claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for its entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679. Instead, "a complaint must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* at 663 (quoting Fed. R. Civ. P. 8(a)(2)). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

If "matters outside the pleadings are presented to and not excluded by the court" when ruling upon a motion under Rule 12(b)(6), the Federal Rules require that "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). This Rule does not require the Court to convert a motion to dismiss into a motion for summary judgment every time the Court reviews documents that are not attached to the complaint. *Greenberg v. Life Ins. Co.*

*of Va.*, 177 F.3d 507, 514 (6th Cir. 1999). "[W]hen a document is referred to in the complaint and is central to the plaintiff's claim . . . [,] the defendant may submit an authentic copy [of the document] to the court to be considered on a motion to dismiss, and the court's consideration of the document does not require conversion of the motion to one for summary judgment." *Id.* (quotation omitted).

### III. DISCUSSION

<u>Malicious Prosecution</u>

First, Plaintiff alleges that Defendants engaged in malicious prosecution against him. Both the federal and state claims of malicious prosecution are based on three occasions where charges were filed against Plaintiff in Trimble County. In regards to first of these occasions, this Court has already decided that there can be no cause of action because the claim is barred by the statute of limitations. (Mem. Op. and Order [DN 10] at 11.) The other two occasions of alleged malicious prosecution occurred on April 7, 2015 when Defendants purportedly reached an agreement to file a harassing-communications charge against Plaintiff and on May 9, 2016 when Plaintiff was served with a Complaint that included one count of falsely reporting an incident and two counts of harassment.

Defendants argue that the two remaining instances of alleged malicious prosecution do not present valid claims for relief because each lacks a crucial element of a malicious prosecution claim: that the charge for which Plaintiff was prosecuted was terminated in his favor. Defendants are correct that termination of proceedings in the plaintiff's favor is an element of both Kentucky state and federal claims of malicious prosecution. *Fox v. DeSoto*, 489 F.3d 227, 237 (6th Cir. 2007) ("to establish the tort claim of malicious prosecution under Kentucky law, a plaintiff must demonstrate . . . . the termination of such proceedings in the plaintiff's favor.");

*Sykes v. Anderson*, 625 F.3d 294, 308−09 (6th Cir. 2010) ("To succeed on a malicious-prosecution claim under § 1983, when the claim is premised on a violation of the Fourth Amendment . . . . the criminal proceeding must have been resolved in the plaintiff's favor."). "In order for a termination of proceedings to be favorable to the accused, the dismissal must be one-sided and not the result of any settlement compromise." *Ohnemus v. Thompson*, 594 F. App'x 864, 867 (6th Cir. 2014).

In regards to the May 9, 2016 instance of alleged malicious prosecution, Defendants are correct that Plaintiff failed to plead that these proceedings terminated in his favor. Nowhere in the Original Complaint or the Amended Complaint does Plaintiff allege anything about the outcome of the May 9 charges that were filed against him. For this reason, the claim is deficient and there can be no claim of malicious prosecution based on these circumstances.

The April 7, 2015 claim of malicious prosecution presents a less clear outcome. In two different parts of the Original Complaint, Plaintiff addresses the outcome of the charges against him for harassing communications. First, Plaintiff states, "Charges against Plaintiff in Defendant PHELPS' summon were dropped on 9-29-2015." (Compl. [DN 1] ¶ 80.) In addition, Plaintiff alleges, "On September 29, 2015 case [sic] was dismissed against Plaintiff for reporting a false incident and harassment." (*Id.* ¶ 168.) Defendants argue, "While Plaintiff alleges that the 2015 summons was 'dropped' and the case was dismissed, he does not allege any facts to show that the charges were dropped in a manner that indicated he was innocent of the charges." (Mot. to Dismiss [DN 79] at 6.) In this case, the Court is willing to make the reasonable conclusion that a malicious prosecution claim is plausible. Although the Amended Complaint does not specify that charges were dropped because the Plaintiff was found to be innocent, it is reasonable to assume that this was the explanation for the termination of these proceedings. For this reason,

Defendants' Motion to Dismiss as it applies to Plaintiff's claims of malicious prosecution alleged on April 7, 2015 is **DENIED**.

Racial Discrimination and Profiling

Plaintiff further alleges that his identity as an immigrant from Jordan and a practicing Muslim "were motivating factors in the decisions to use excessive acts of conspiracy and coercion and then maliciously prosecute Plaintiff with false charges." (Amended Comp. [DN 73] ¶ 200.) First, Plaintiff brings another 42 U.S.C. § 1983 claim, alleging that Defendants discriminated against him in violation of 42 U.S.C. § 1981 and the Equal Protection Clause. Further, Plaintiff claims that under Kentucky law and the Kentucky Constitution, law enforcement agencies must uphold certain ethical obligations, such as not taking action on the basis of race, color, or ethnicity, and defending the Kentucky Constitution. Because these provisions are not applicable to Lindsey Alley as a private citizen, the Court will construe these claims to be against Trooper Phelps.

Plaintiff's Amended Complaint fails to provide evidence to support his claims of racial discrimination and profiling. Although he mentions that he is an immigrant from Jordan and a practicing Muslim, the Amended Complaint fails to provide specific facts as to how those characteristics in any way motivated the activities of Phelps or other members of the Kentucky State Police. Instead, Plaintiff's contention that his religion and national original were "motivating factors" in Phelps' decisions is a conclusion without any proof. As his Amended Complaint is devoid of any specific factual allegation of racial profiling or discrimination attributable to Trooper Phelps, these claims must be **DISMISSED**.

Conspiracy and Action for Neglect to Prevent

Plaintiff also attempts to cure the defects from his previously dismissed claim under 42 U.S.C. § 1985 for conspiracy. Unlike his Original Complaint, in the Amended Complaint, Plaintiff makes clear that he intends to bring conspiracy claims under both § 1985(2) for obstruction of justice and § 1985(3) for deprivation of rights. In the amended version, Plaintiff clearly alleges that he is a member of a protected class as both an immigrant from Jordan and practicing Muslim. However, other defects from Plaintiff's Original Complaint are left uncured. The Amended Complaint does not include allegations to establish the "meeting of the minds" essential to a claim for conspiracy. *Coker v. Summit Cty. Sheriff's Dep't*, 90 F. App'x 782, 789 (6th Cir. 2003). Rather, the Amended Complaint only includes conclusory allegations that Defendants "conspired" together in deterring him from filing complaints, intimidating him because he made welfare checks and filed charges against him. (Amend. Compl. ¶ 2.) Plaintiff further alleges that the exhibits attached to his Original Complaint "establish a pattern and level of communication between said Defendants as the conspiracy took shape." (*Id.*) Yet, even accepting as true the allegations in the Amended Complaint and the exhibits attached, no plausible claim of conspiracy has been alleged. Rather, the exhibits merely show that Trooper Phelps one time acted as an affiant in recounting Plaintiff's alleged harassment of Alley. It does not show, however, any facts that would lead the Court to believe that Phelps and Alley acted in concert to obstruct justice or deprive Plaintiff of his rights. For this reason, Plaintiff's claim of conspiracy under 42 U.S.C. § 1985 is **DISMISSED**.

Further, Plaintiff attempts to invoke 42 U.S.C. § 1986, which provides a cause of action against those that have knowledge of a § 1985 conspiracy and neglect to prevent it. However,

since the Court has determined that the Amended Complaint does not sufficiently allege the existence of a § 1985 conspiracy, Plaintiff's claim under § 1986 must also be **DISMISSED**.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** Defendant's Motion to DISMISS [DN 79] is **DENIED** as it applies to Plaintiff's claims for malicious prosecution alleged on April 7, 2015 and **GRANTED** as it applies to all other claims.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: counsel of record

September 13, 2018