UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO: 3:16-CV-289-JHM

ALI AL MAQABLH                                                                           PLAINTIFF

V.

CRYSTAL L. HEINZ, *et al.*                                                               DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Summary Judgment [DN 112] and Defendants' Motion for Summary Judgment [DN 113]. Fully briefed, these matters are ripe for decision. For the following reasons, the Court holds that Plaintiff's Motion for Summary Judgment is **DENIED** and Defendants' Motion for Summary Judgment is **GRANTED**.

## I. BACKGROUND

Plaintiff Ali Al Maqablh filed his Original Complaint in this Court alleging multiple claims against various Defendants regarding criminal proceedings commenced against him related to contact that he had with the mother of his child, Defendant Lindsay Jo Alley. Following initial screening and a series of motions to dismiss, only two Defendants remain—Lindsay Jo Alley and State Trooper James Phelps. Both Plaintiff and Defendants now ask the Court for summary judgment in their favor.

Plaintiff alleges that both Defendants are liable for malicious prosecution in relation to charges that were filed against him on April 7, 2015. In 2015, Plaintiff and Defendant Alley were engaged in litigation over Plaintiff's visitation rights for their son. During that time, Plaintiff called the police on three separate instances to request welfare checks on his child. It is Defendants' contention that Plaintiff utilized these welfare checks as a means to harass Alley. For this reason, Trooper Phelps assisted Alley in filing a criminal complaint against Plaintiff charging him with

one count of harassment under KRS 525.070 and one count of falsely reporting an incident under KRS 519.040. On September 29, 2015, the relevant charges against Plaintiff were dismissed and later expunged.

## II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

## III. DISCUSSION

Although both Alley and Phelps are accused of malicious prosecution, the claims against them are slightly varied. Phelps faces malicious prosecution liability under 42 U.S.C. § 1983 as an official acting under color of law. Alley, as a private citizen, is not subject to 1983 liability but might be liable for state violations of malicious prosecution. However, some elements of each defendant's malicious prosecution claims are the same. For example, both state and federal claims of malicious prosecution require the plaintiff to prove that the criminal proceedings were resolved in his or her favor. *Sykes v. Anderson*, 625 F.3d 294, 308−09 (6th Cir. 2010) (articulating the elements of a federal malicious prosecution claim under § 1983); *Ohnemus v. Thompson*, 594 Fed. App'x 864, 866 (6th Cir. 2014) (listing the six elements of malicious prosecution under Kentucky law).

The parties strongly disagree about whether the proceedings against Plaintiff were resolved in his favor. In Kentucky, "the determination of whether a termination is sufficiently favorable ultimately rests with the trial court as a matter of law, absent a factual dispute relative to the circumstances of the dismissal." *Davidson v. Castner-Knott Dry Goods Co.*, 202 S.W.3d 597, 606 (Ky. Ct. App. 2006). In this case, there is no factual dispute. Both parties acknowledge that the charges against Plaintiff were dropped pursuant to an informal agreement between Plaintiff and prosecutor, Crystal Heinz. Plaintiff described the agreement in his deposition as such:

> It was an informal agreement where my attorney, Robert Riley, told—explained it to me that you do not assault Lindsey Alley for three months and we'll pass this to September 25, I believe or some—a day around—some—some day in—I think September 29. We'll pass this over to that date and if you have not assaulted Lindsey Alley within these three months, the charges will be dismissed. And I told him that I never, ever laid a finger of Lindsey Alley, so I'm—I'll be happy to do that.

(Pl. Dep. [DN 113-2] at 58).

Plaintiff argues that under the Supreme Court precedent of *Heck v. Humphrey*, 512 U.S. 477 (1994), his expungement alone is indicative that the proceedings were terminated in his favor. Plaintiff states, "Under *Heck*, expungement defines favorable termination." (Pl.'s Mot. for Summ. J. [DN 112] at 28). Defendants disagree, pointing out that *Heck* concerns "challenges to criminal convictions and the availability of habeas corpus relief." (Defs.' Resp. [DN 118] at 18). Since Plaintiff was not actually convicted of either of the crimes filed against him in 2015, Defendants argue that *Heck* is not applicable. The Court agrees. In *Heck*, the Supreme Court set standards for what constitutes favorable termination in the case of prisoners who have the opportunity to seek redress for violations of their rights through both § 1983 and habeas corpus. In seeking to protect against inconsistent judgments, the Supreme Court created a specific standard applicable for those seeking to recover damages "for allegedly unconstitutional conviction or imprisonment." *Heck*, 512 U.S. at 486. In this case, that standard is inapplicable to Plaintiff who was neither convicted of nor imprisoned for the relevant charges.

Next, Plaintiff argues that "the timeline in this case is a proof [sic] that the charges were dismissed in Plaintiff's favor." (Pl.'s Mot. for Summ. J. at 18).

> In addition, the Defendants can't prove otherwise, simply, because Plaintiff had not entered into any plea agreement or any other alternative means as the time with which these charges were initiated, dismissed, and expunged lies outside of the prescribed statutory requirements that govern such agreements, clearly indicating that the charges were dismissed in Plaintiff's favor.

(*Id.*). The Court disagrees. Whether there was a formal plea agreement is not determinative. The question is whether the proceedings were terminated in favor of the plaintiff. The Sixth Circuit has spoken directly on situations that are considered to be termination in favor of the plaintiff. "In order for a termination of proceedings to be favorable to the accused, the dismissal must be one-sided and not the result of any settlement or compromise." *Ohnemus*, 594 Fed. App'x at 867.

Also, in *Broaddus v. Campbell*, the Kentucky Court of Appeals dismissed a plaintiff's malicious prosecution claim because the court concluded that the plaintiff "gave up something to secure the dismissal of the charges" and the dismissal did not indicate that the plaintiff was actually innocent. 911 S.W.2d 281, 285 (Ky. Ct. App. 1995).

Plaintiff's explanation of the informal agreement that led to dismissal of the charges against him reveals that it was a compromise. Heinz made a deal with Plaintiff that she would drop the charges against him if he would not assault Alley for the next three months. Plaintiff argues that because he never assaulted Alley in the first place, he was not giving up anything of value to him. Whether or not he had ever assaulted Alley before is not the point. The point is he promised not to assault her in the future in exchange for dismissal of the charges. This was a two-sided compromise. The facts of the dismissal did not give any indication that Plaintiff may have been innocent of the charges against him. Therefore, the Court finds that Plaintiff cannot establish a necessary element of a malicious prosecution claim and Defendants are entitled to judgment as a matter of law.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment is **DENIED** and the Defendants' Motion for Summary Judgment is **GRANTED**.

Joseph H. McKinley Jr., District Judge
United States District Court

April 15, 2019

cc: counsel of record