UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO: 3:16-CV-289-JHM

ALI AL MAQABLH                                                                                    PLAINTIFF

V.

CRYSTAL L. HEINZ, *et al.*                                                                   DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants James Phelps and Lindsey Alley's Bill of Costs [DN 125], Motion for Attorney Fees [DN 126], and Plaintiff's Motion to Withdraw Document [DN 133]. Fully briefed, these matters are ripe for decision. For the following reasons, the Plaintiff's Objections to the Bill of Costs are **OVERRULED** in part and **SUSTAINED** in part, Defendants' Motion for Attorney Fees is **DENIED**, and Plaintiff's Motion to Withdraw Document is **GRANTED**.

### I. BACKGROUND

Plaintiff Ali Al Maqablh filed this lawsuit alleging multiple claims against Jefferson County, Trimble County, and various Kentucky state employees regarding the criminal proceedings commenced against him and related to the contact that he had with the mother of his child, Defendant Lindsay Jo Alley. The majority of the claims in Plaintiff's Original Complaint and his Amended Complaint were dismissed after initial screening and motions to dismiss. The two remaining claims—a federal claim of malicious prosecution under 42 U.S.C. § 1983 against Defendant Trooper James Phelps and a state claim of malicious prosecution against Alley—were dismissed after the parties filed cross motions for summary judgment and the Court entered a Judgment [DN 124] in favor of Defendants and against Plaintiff.

Within fifteen days from the entry of Judgment, Defendants filed a Bill of Costs [DN 125] and a Motion for Attorney Fees [DN 126]. Plaintiff offered a Response to Defendants' Motion for Attorney Fees [DN 128] that also included Objections to the Bill of Costs. Then, one week later, Plaintiff filed a Motion to Withdraw his Response [DN 133], stating that an incorrect draft of the Memorandum of Support was filed and offering the corrected Memorandum of Support [DN 133-2] as an attachment. Defendants do not object to Plaintiff's Motion to Withdraw and therefore, the Court will use the corrected Memorandum of Support to make its determination on attorney fees and costs.

## II. TROOPER PHELPS

Trooper James Phelps asks the Court to award him attorney fees. Plaintiff brought a claim against Phelps under 42 U.S.C. § 1983. Congress enacted § 1983 to encourage the private enforcement of civil rights. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). For this reason, Congress also provided for attorney fees for § 1983 actions, providing that, "the court, in its discretion, may allow the prevailing party . . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Typically, this statute is used to award attorney fees to successful plaintiffs. However, there are circumstances in which attorney fees may be awarded to a defendant as the prevailing party.

> [A] plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so. And, needless to say, if a plaintiff is found to have brought or continued such a claim in bad faith, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense.

*Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978). The Sixth Circuit has observed, "An award of attorney's fees against a losing plaintiff in a civil rights action is an extreme sanction,

and must be limited to truly egregious cases of misconduct." *Jones v. Continental Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986).

In this case, Defendants have not claimed that Plaintiff brought or continued this lawsuit in bad faith. Furthermore, although some of Plaintiff's claim were dismissed early in the lawsuit, the Court cannot say that his lawsuit was frivolous, unreasonable, or groundless. Ultimately, the Defendants' success came down to an issue with a single element of Plaintiff's malicious prosecution claims. For this reason, the Court will not resort to the extreme sanction of attorney fees.

### .III. LINDSEY ALLEY

Defendant Lindsey Alley also asks for attorney fees. Because the claims against her were under Kentucky common law, Kentucky rules of attorney fees apply. In Kentucky, attorney fees are not awarded to a prevailing party unless allowed by statute or provided for by contract. However, Alley cites to *Smith v. Bear, Inc.*, 419 S.W.3d 49, 59 (Ky. App. 2013) for the proposition that Kentucky courts may use equity to allow attorney fee awards despite Kentucky's adherence to the American Rule regarding attorney's fees. The Kentucky Supreme Court, in *Bell v. Commonwealth*, 423 S.W.3d 742 (Ky. 2014), has made clear that "[i]f courts truly had equitable or inherent powers as broad as those assumed by the trial court, the American Rule regarding attorney's fees as costs would be obliterated." *Id.* at 750. The Court went on to state, "trial courts may not award attorney's fees just because they think it is the right thing to do in a given case. That is not what the law of Kentucky allows." *Id.*

The Kentucky Supreme Court stated that, in the absence of a contractual or statutory basis on which to award attorney fees, "the only appropriate award of attorney's fees" may be as a sanction under the rules. *Id.* at 749. Awarding attorney's fees as a sanction is appropriate only in

3

those instances where the very integrity of the court is at issue. Such is not the case here, therefore, attorney fees under Kentucky law are not appropriate.

## IV. COSTS

Lastly, Defendants submitted a Bill of Costs and Plaintiff offered his Objections. Fed. R. Civ. P. 54(d)(1) provides, "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." This rule "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001). Plaintiff does not disagree that Defendants are the prevailing party but offers objections to specific items in the Defendant's Bill of Costs and argues that his indigence should preclude taxing costs against him.

In their Reply, Defendants concede that they included one cost in their Bill of Costs by mistake. Defendants were charged $15 on December 14 for postage and delivery of Plaintiff's deposition transcript. They admit that this cost should not be assessed to Plaintiff. As for the other two certified copies of Defendants' transcripts, those documents were e-delivered at no cost to the Defendants. The Court will remove the $15 for postage and delivery from consideration in the Bill of Costs.

Next, Plaintiff objects to the cost of his deposition. According to Plaintiff, he should not have to pay for his deposition because Defendants failed to use interrogatories, requests for admission, or other less-expensive discovery methods. Defendants respond, calling the Plaintiff's argument hypocritical because Plaintiff took depositions of both Alley and Phelps without utilizing cheaper means of discovery. The Sixth Circuit has stated, "Ordinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989). In this case, summary judgment was granted

to Defendants based on testimony from Plaintiff's deposition. For that reason, Plaintiff's deposition was necessary to the litigation and Plaintiff should be taxed for the cost of $714.

Plaintiff also argues that he should not have to pay for Defendants' certified copies of Alley's deposition because that document was available in the record. A court may tax as costs "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920. Specifically, other courts in this district have held that "copies of deposition transcripts may be taxed." *Cunningham v. Target Corp*, No. 3:06-CV-160, 2010 WL 1032772, at * 2 (W. D. Ky. March 17, 2010). For the costs of certified copies of Alley's deposition and Trooper Phelps', Plaintiff should be taxed $431.55.

The next cost that Plaintiff refutes is the $50 late cancellation payment for Plaintiff's deposition. Issues with the timing of Plaintiff's deposition arose when Defendants' counsel incorrectly communicated the date of the deposition on the notice to Plaintiff. Although the parties' counsels agreed that Plaintiff would be deposed on December 6, the notice stated Plaintiff's deposition would be on December 4. Not realizing the mistake until the day before, Defendants' counsel clarified with the court reporter and Plaintiff's counsel, but Plaintiff still showed up on December 4 for his deposition. However, the $50 cancellation fee at issue was not charged for the mistake on December 4. On December 5, after Plaintiff had showed up for his rescheduled deposition, counsel for the parties confirmed that the deposition was meant to be on December 6. Plaintiff's counsel confirmed on December 5, "We are still on for tomorrow." (Exhibit 5 – Emails Confirmation Dec 6 [DN 138-6]). Regardless, Plaintiff did not show up on December 6 and offered no explanation for his absence, so the Court will assess the $50 cancellation fee against Plaintiff for failing to show up at his deposition on December 6.

5

Lastly, Plaintiff argues that his indigence should preclude costs being assessed against him. The Sixth Circuit has clearly stated that a "plaintiff's indigency does not prevent the taxation of costs against him." *Sales*, 873 F.2d at 120. Despite the fact that Plaintiff was permitted to proceed in forma pauperis, the law still mandates that Plaintiff pay "costs at the conclusion of the suit or action as in other proceedings." 28 U.S.C. § 1915(e). However, the Sixth Circuit has directed courts to determine an indigent party's capacity to pay the costs assessed. "[D]istrict judges are encouraged to consider the question of indigency fully for the record." *Banks v. Bosch Rexroth Corp.*, 611 Fed. App'x 858, 860 (6th Cir. 2015) (quoting *In re Ruben*, 825 F.2d 977, 987 (6th Cir. 1987)).

In this case, the record is devoid of any evidence as to Plaintiff's financial situation, other than his Motion for Leave to Proceed in forma pauperis [DN 3] that Plaintiff filed back in 2016. Since then, Plaintiff has offered nothing other than his unsubstantiated statements in his Objections concerning his inability to pay. This is not enough to overcome the presumption that costs should be assessed against Plaintiff as the losing party.

## V. Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** Plaintiff's Objections to the Bill of Costs are **OVERRULED** in part and **SUSTAINED** in part, Defendants' Motion for Attorney Fees is **DENIED**, and Plaintiff's Motion to Withdraw Document is **GRANTED**. Costs are taxed in the amount of one thousand one hundred and ninety-five dollars and fifty-five cents ($1,195.55).

Joseph H. McKinley Jr., Senior Judge
United States District Court

August 14, 2019

cc: counsel of record